UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA LEE MACHNICZ,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION<br><br>    Defendant. | No. 3:16-CV-741 (MPS) |

## RULING ON THE PLAINTIFF'S MOTION TO REVERSE AND THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER

This is an administrative appeal following the denial of Laura Lee Machnicz's application for disability insurance benefits. Ms. Machnicz argues that the Administrative Law Judge ("ALJ") erred in concluding that her impairments did not meet or medically equal a listed impairment, specifically Listing 11.13, "Muscular dystrophy with disorganization of motor function." Although I find that the ALJ failed to specifically explain why Ms. Machnicz's impairment did not meet or medically equal Listing 11.13, I nevertheless conclude that the decision was supported by substantial evidence. I therefore AFFIRM.

### I. Background

Ms. Machnicz filed an application for disability benefits on January 7, 2013. (Pl.'s Memo, ECF No. 19 at 1; Def.'s Memo, ECF No. 22-1 at 2.) On June 24, 2013, the Social Security Administration denied her initial request for disability benefits and thereafter denied her request for reconsideration. (*Id*.) Ms. Machnicz appeared with counsel for a hearing before ALJ Sharda Singh on December 19, 2014. (*Id*.) On March 13, 2015, the ALJ issued a decision denying benefits. (*Id.*)

The ALJ found that Ms. Machnicz was a 40-year-old woman at the time of the alleged disability onset date, with severe impairments of back injury, muscular dystrophy, and depression. (ALJ Decision, Tr. 15.) She determined that Ms. Machnicz did not have a listed impairment, noting that she had considered all physical listings, including Listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine), as well as a mental impairment listing, Listing 12.04 (affective disorders). (*Id.* at 15-17.) Next, the ALJ determined that Ms. Machnicz had the residual functional capacity ("RFC") to:

> perform 'light work' as defined in 20 C.F.R. § 404.1567(b) except she can only stand and walk for 4 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl. She must avoid hazards. She is limited to understanding, remembering, and carrying out simple, routing, and repetitive noncomplex tasks.

(*Id.* at 17-21.) Finally, the ALJ found that although Ms. Machnicz could not perform past relevant work, there were jobs that exist in significant numbers in the national economy that she could perform based on her age, RFC, work experience, and education, and therefore she was not disabled within the meaning of the Social Security Act. (*Id.* at 21-23.) Specific facts and portions of the ALJ's decision will be discussed below as necessary.

On March 17, 2016, the appeals council denied Ms. Machnicz's request for review, thereby making the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("Commissioner"). (Pl.'s Memo at 1; Def.'s Memo at 2.) This appeal followed. Ms. Machnicz has filed a motion for an order reversing the decision of the Commissioner, and the Commissioner, in turn, has moved for an order affirming the decision.

### II.     Standard

The Social Security Act establishes that benefits are payable to individuals who have a disability, "[an] inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment...." 42 U.S.C. § 423(a)(1), (d)(1). The Commissioner delegates her authority to make fact findings and disability benefits decisions to ALJs, who must follow a five-step evaluation process.[1]

"A district court reviewing a final ... decision pursuant to … 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, a district court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the correct legal principles were applied in reaching the decision, and whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). If the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). The Second

---

[1] The five steps are as follows: (1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4). If the claimant has one of these enumerated impairments, the Commissioner will automatically consider that claimant disabled, without considering vocational factors such as age, education, and work experience. *Id.* (4) If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work the claimant could perform. *Id.* To be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot... engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Commissioner bears the burden of proof on the fifth step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4).

Circuit has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citation and quotation marks omitted). Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record." *Id.*

**III.    Discussion**

Ms. Machnicz argues that the ALJ erred in determining that her condition did not meet or medically equal a listed impairment, because she failed to consider Listing 11.13, "muscular dystrophy with disorganization of motor function."[2] Ms. Machnicz does not dispute the ALJ's determinations at other steps of the process, or her factual findings.

Ms. Machnicz is correct that the ALJ did not mention or discuss Listing 11.13 in her decision. While the ALJ stated that she had considered "all physical listings" and made a general finding that "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairments, individually or in combination," she only explicitly walked through the criteria of Listings 1.02, 1.04, and 12.04. (ALJ Decision, Tr. 15-16.) The failure to mention Listing 11.13 does not require a remand, however, if other portions of the ALJ's decision show that substantial evidence supports the conclusion that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (*Id.* at 15.)

Specifically, I may uphold the ALJ's determination if it is supported by substantial evidence elsewhere in her opinion. "The absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by

---

[2] This is step three of the five-step evaluation process described *supra*, note 1.

substantial evidence.'" *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir.1982)). *See also Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 889 (2d Cir. 2007) ("While the ALJ might have been more specific in detailing the reasons for concluding that Otts's condition did not satisfy a listed impairment, the referenced medical evidence, together with the lack of compelling contradictory evidence from the plaintiff, permits us to affirm this part of the challenged judgment."); *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 274 (N.D.N.Y. 2009) (Where the ALJ did not specifically refer to Listing 1.04A, "the ALJ's failure to provide a specific rationale for finding Plaintiff's spinal impairment did not meet Listing 1.04A does not prevent this Court from upholding his determination because substantial evidence… supports the ALJ's determination.")

I must therefore consider whether substantial evidence supported the finding that Ms. Machnicz's impairments did not meet or medically equal Listing 11.13, based on the "regulations as they existed at the time" of the decision. *Henry v. Colvin*, 561 F. App'x 55, 57–58 (2d Cir. 2014).[3] At the relevant time, Listing 11.13 covered "muscular dystrophy with disorganization of motor function as described in 11.04B." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Listing 11.04B, in turn, described "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." *Id.*

The ALJ found that Ms. Machnicz suffered from the severe impairment of muscular dystrophy. However, "mere diagnosis… without a finding as to the severity of symptoms and limitations does not mandate a finding of disability." *Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013) (citation, quotation marks, and alterations omitted). To meet Listing 11.13, the ALJ also

---

[3] Listing 11.13 was substantially revised after the Commissioner's decision became final in this case. *See* Revised Medical Criteria for Evaluating Neurological Disorders, 81 FR 43048-01 (July 1, 2016) (effective as of September 29, 2016).

needed to find "significant and persistent disorganization of motor function in two extremities, *resulting in sustained disturbance of gross and dexterous movements, or gait and station.*" 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 11.04B (emphasis added).

Substantial evidence supports a finding that there was no "sustained disturbance of gross and dexterous movements." *Id*. The ALJ found that "the evidence does not support a finding that the claimant… is unable to perform fine and gross movements effectively," explaining that "[t]here is no indication from the treatment notes of any significant deficits in her hands or upper extremities." (ALJ Decision, Tr. 15.) The ALJ noted that Ms. Machnicz performed household chores, and "admit[ted] that she can cook dinner, do 'light house work,' as well as feed her cats and change their litter." (*Id.* at 18.) The evidence cited by the ALJ supports these findings. (*See, e.g.,* Tr. 67-68, 405-07, 410-34.)

Substantial evidence also supports a finding that there was no "sustained disturbance of… gait and station." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 11.04B. The ALJ concluded that Ms. Machnicz could stand and walk for 4 hours in an 8 hour work day and that "the evidence does not support a finding that the claimant is unable to ambulate effectively." (ALJ Decision, Tr. 15, 17.) She explained that "[t]reatment notes indicate no significant defects in gait… although in July 2014, she was given a cane for help in ambulation." (*Id.* at 15; *see also* Tr. 67-68, 405-07, 410-34.) The ALJ further noted Ms. Machnicz's "lack of gait difficulty for most of the period, and her ability to work as a CNA full time for a significant part of the period [following the alleged onset of disability]" and the fact that Ms. Machnicz "admit[ted] also that she can travel by walking." (ALJ Decision, Tr. 18, 21.) The ALJ also pointed out that it was not until mid-2014—three and a half years after the alleged disability onset date—that Ms. Machnicz needed "any sort of assistive device"—a prescription for a cane—"due to the muscular dystrophy." (*Id.* at 18, 19.)

6

Ms. Machnicz does not dispute these factual findings or conclusions, nor does she point to any specific evidence to contradict them. Though Ms. Machnicz testified to difficulty using her arms and hands, as well as standing and walking (*see, e.g.,* Tr. 39, 50, 57), "[w]here there is substantial evidence to support either position, the determination is one to be made by the factfinder," i.e., the ALJ. *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).

In sum, substantial evidence supports the conclusion that Ms. Machnicz did not suffer from "sustained disturbance of gross and dexterous movements, or gait and station" and therefore her impairments did not meet or medically equal Listing 11.13. This is not a case "in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record," *Salmini*, 371 at 113 (citation and quotation marks omitted), and thus there is no need to remand for clarification.

## IV. Conclusion

As set forth above, Ms. Machnicz's motion for an order reversing the Commissioner's decision (ECF No. 18) is DENIED, and the Commissioner's motion to affirm that decision (ECF No. 22) is GRANTED. The case is dismissed.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        May 25, 2017